**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JOSE REYNALDO JIMENEZ CARIAS, | ) |
| | ) Case No. 1:26-cv-13141 |
| Petitioner-Plaintiff, | ) |
| v. | ) |
| ANTONE MONIZ, Superintendent of Plymouth County Correctional Facility; DAVID WESLING, Field Office Director of ICE ERO in the Boston Field Office; PATRICIA HYDE, Acting Field Office Director; DAVID VENTURELLA, Acting Director, U.S. Immigrations and Customs Enforcement; TODD BLANCHE, Acting U.S. Attorney General; and MARKWAYNE MULLEN, U.S. Secretary of Homeland Security, | ) |
| Respondents-Defendants. | ) |

**PETITIONER'S EMERGENCY MOTION TO ENFORCE COURT ORDERS AND FOR IMMEDIATE RELIEF**

Petitioner, through undersigned counsel, respectfully moves this Court to enforce its July 9, 2026 Service Order and its July 14, 2026 Electronic Order and for immediate relief. In support thereof, Petitioner states as follows:

## I. INTRODUCTION

This matter is now before the Court on Respondents' continued failure to comply with multiple Orders of this Court.

On July 9, 2026, this Court ordered Respondents to answer or otherwise respond to the Petition on or before July 14, 2026. The Court further ordered that Petitioner not be moved outside the District of Massachusetts without providing the Court forty-eight (48) hours advance notice of the move and the reason therefor. *See* Doc. No. 4.

Despite the Court's clear directive, Respondents transferred Petitioner outside the District of Massachusetts without notice to the Court and without notice to counsel. In response, Petitioner filed an Emergency Motion for Order to Show Cause, Finding of Civil Contempt, and Return of Petitioner to the District of Massachusetts. *See* Doc. No. 6.

On July 14, 2026, the Court entered an Electronic Order directing Respondents to show cause why they should not be held in contempt for failure to comply with the Court's Service Order and reminding Respondents that their response to the Petition was due that same day.

As of the filing of this Motion on July 15, 2026, Respondents have filed neither a response to the Petition nor a response to the Court's show-cause directive. More troubling still, Respondents have not filed a Notice of Appearance and no Assistant United States Attorney has appeared on their behalf despite the expiration of the response deadline and the Court's express directive requiring action.

As a result, Petitioner remains without any identified government attorney through whom counsel may obtain information regarding Petitioner's location, custodial status, or Respondents' intended compliance with this Court's Orders. Under these circumstances, Court intervention is

necessary to ensure that the Court's Orders are not rendered meaningless through continued noncompliance and inaction.

## II. PROCEDURAL HISTORY

1. Petitioner filed the instant Petition for Writ of Habeas Corpus challenging his detention.
2. On July 9, 2026, this Court entered a Service Order requiring Respondents to answer or otherwise respond to the Petition on or before July 14, 2026. See Doc. No. 4.
3. The Court further ordered:

> "To give the Court time to consider the matter, and to ensure adequate access to legal counsel through these proceedings, unless otherwise ordered by the Court, Petitioner shall not be moved outside the District of Massachusetts without providing the Court 48 hours' advance notice of the move and the reason therefor."

4. Upon information and belief, Respondents transferred Petitioner outside the District of Massachusetts on or after July 11, 2026.
5. No notice of transfer was filed with this Court.
6. No explanation for the transfer was filed with this Court.
7. Petitioner and counsel first became aware of the transfer when Petitioner was not produced for his scheduled Immigration Court hearing on July 13, 2026.
8. Petitioner subsequently advised counsel that he had been moved over the weekend.
9. On July 14, 2026, Petitioner filed an Emergency Motion for Order to Show Cause, Finding of Civil Contempt, and Return of Petitioner to the District of Massachusetts. See Doc. No. 6.
10. On July 14, 2026, this Court entered the following Electronic Order:

"As ordered by this Court on 7/9/26, Respondents' Response to the Petition is due today, 7/14/26. *See* Doc. No. [4]. As part of that response, and in response to the emergency motion at Doc. No. [6], Respondents are ORDERED to show cause why this Court should not hold them in contempt for failure to comply with this Court's service order."

11. As of the filing of this Motion, Respondents have not filed a response to the Petition.
12. As of the filing of this Motion, Respondents have not filed a response to the Court's show-cause directive.
13. As of the filing of this Motion, Respondents have not provided any explanation regarding Petitioner's transfer outside the District of Massachusetts.
14. As of the filing of this Motion, no Notice of Appearance has been entered on behalf of Respondents despite the expiration of Respondents' response deadline and the Court's July 14, 2026 Order requiring action.
15. Petitioner therefore remains without an identified government attorney with whom counsel may confer regarding compliance with the Court's Orders or obtain information regarding Petitioner's current location and custodial status.

**III. RESPONDENTS ARE IN CONTINUING VIOLATION OF MULTIPLE COURT ORDERS**

Respondents are presently in violation of at least two separate Orders of this Court. First, Respondents violated the Court's July 9, 2026 Service Order by transferring Petitioner outside the District of Massachusetts without first providing the required forty-eight-hour notice and explanation. Second, Respondents have failed to comply with the Court's July 14, 2026 Order

directing them to show cause why they should not be held in contempt and requiring a response to the Petition.

The Court has already afforded Respondents an opportunity to explain their conduct. Respondents have not done so. Indeed, Respondents alone possess the information necessary to explain:

a. When Petitioner was transferred;

b. Where Petitioner was transferred;

c. Who authorized the transfer;

d. Why the transfer occurred;

e. Why no notice was provided to the Court; and

f. Why Respondents failed to comply with the Court's July 14, 2026 Order.

Despite being expressly ordered to provide that information, Respondents have remained silent. The failure to respond is particularly concerning given that Respondents are government officials subject to the Court's jurisdiction and have now ignored both the original Service Order and the Court's subsequent show-cause directive. At present, there is no indication that Respondents intend to comply absent further intervention by the Court.

## IV. PETITIONER CONTINUES TO SUFFER PREJUDICE

The prejudice resulting from Respondents' conduct is ongoing. The Court's transfer restriction was specifically intended to preserve Petitioner's access to counsel and to provide the Court an opportunity to review any proposed transfer before it occurred. Respondents' unilateral transfer deprived both Petitioner and the Court of those protections.

Moreover, because Respondents have not responded to the Petition, the contempt motion, or the Court's show-cause directive, Petitioner remains unable to meaningfully address the circumstances surrounding his transfer or the basis for his continued detention.

The absence of any Notice of Appearance further compounds the prejudice. At present, Petitioner has no identified government counsel through whom counsel may obtain information regarding Petitioner's location, custodial status, or Respondents' intentions regarding compliance with this Court's Orders.

Given Respondents' failure to comply with both the July 9 and July 14 Orders, and the continued absence of any appearance by counsel, Petitioner respectfully requests that any deadline imposed by the Court be accompanied by a requirement that Respondents immediately enter an appearance through counsel and identify the attorney responsible for ensuring compliance with the Court's directives.

Without intervention by the Court, Petitioner is left in the untenable position of attempting to litigate a habeas action against parties who have ignored multiple Court Orders while failing to identify any counsel responsible for responding on their behalf.

**V. REQUEST FOR RELIEF**

Accordingly, Petitioner respectfully requests that this Court:

A. Order Immediate Release of the Petitioner from ICE Custody;

B. Order Respondents to immediately comply with the Court's July 9, 2026 and July 14, 2026 Orders and to file a response to the Petition;

C. Order Respondents, within twenty-four (24) hours, to file a declaration from a responsible ICE official identifying:

1. The date and time of Petitioner's transfer;
2. The facility from which Petitioner was transferred;
3. The facility to which Petitioner was transferred;
4. The official who authorized the transfer;
5. The reason for the transfer; and
6. The reason no notice was provided to the Court as required by the July 9, 2026 Service Order;

D. Order Respondents to immediately return Petitioner to the District of Massachusetts;

E. Order Respondents to immediately enter an appearance through counsel and identify the attorney responsible for responding to the Petition and ensuring compliance with this Court's Orders; and

F. Grant such further relief, including sanctions, coercive remedies, or other relief deemed appropriate by this Court, including affording attorney fees to the Petitioner, as plead for in the initial petition.

**VI. CONCLUSION**

Respondents have failed to comply with the Court's July 9, 2026 Service Order. After being ordered to explain that noncompliance on July 14, 2026, Respondents failed to comply with that Order as well. As of the filing of this Motion, Respondents have not responded to the

Petition, have not responded to the Court's show-cause directive, have not explained Petitioner's transfer, and have not entered an appearance through counsel.

Petitioner therefore respectfully requests that this Court enforce its Orders, compel immediate compliance, require Respondents to identify counsel responsible for this matter, and grant such further relief as the Court deems just and appropriate.

**LOCAL RULE 7.1 CERTIFICATION**

Pursuant to Local Rule 7.1(a)(2), Petitioner certifies that compliance with the conferral requirement was not possible. As of the filing of this Motion, no Notice of Appearance has been entered on behalf of Respondents and no Assistant United States Attorney has appeared in this matter. Petitioner therefore has no identified opposing counsel with whom to confer regarding the relief requested herein. Petitioner remains willing to confer promptly should counsel for Respondents enter an appearance.

Respectfully submitted,

ss// *Kevin MacMurray*

Kevin MacMurray
BBO#558192
MacMurray & Associates, LLC
Two Center Plaza, Suite 605
Boston, MA 02108
kpm@macmurrayassociates.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document will be served on counsel for all parties through the Court’s CM/ECF system.

Dated this 15 day of June, 2026.

*/s/ Kevin MacMurray*
Kevin MacMurray